**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | | |
|---|---|---|---|
| **RICHAUNA OKOJIE** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | **JURY DEMAND** | |
| | ) | | |
| **VERSUS** | ) | **No.** _____ | |
| | ) | | |
| | ) | **COMPLAINT** | |
| **METROPOLITAN NASHVILLE** | ) | | |
| **HOSPITAL AUTHORITY dba** | ) | | |
| **NASHVILLE GENERAL HOSPITAL** | ) | | |
| **Defendant.** | ) | | |

## COMPLAINT

1. This action is an action brought by Plaintiff, Richauna Okojie ("Ms. Okojie") for race discrimination and hostile work environment under Title VII of the Civil Rights Acts of 1964 as amended, 42 USCA §§ 2000 et seq, and The Civil Rights Act of 1991, 42 U.S.C.A. § 1981(a) and T.C.A. § 4-21-401(a)(1)

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. A.§ 1343(a).

3. Venue properly lies in the Middle District of Tennessee pursuant to 28 U.S.C.A. § 1391 (b) and 42 U.S.C.A. § 2000e-5(f)(3) and 28 U.S.C. §1367 because the unlawful employment practices were committed in this judicial district.

## THE PARTIES

4. Plaintiff, Ms. Okojie is an African American female who resides in Nashville, Davidson County, Tennessee

5. She is employed as a Registrar with the Nashville Hospital Authority dba Nashville General Hospital.

Okojie v. General
Complaint
Page 1 of 7

6. Defendant, Nashville Hospital Authority dba Nashville General Hospital ("General" or "Hospital" )is a formed under the laws of the state of Tennessee and under the ordinances of Metropolitan Davidson County, Tennessee

7. General is a hospital with its location being 1818 Albion Street Nashville, Tennessee 37208 and it employs over 15 people.

8. Its principal place of business is located at 1818 Albion Street Nashville, Tennessee 37208.

9. During the time of all the incidents mentioned in this complaint, Ms. Okojie was an employee of General

## CONDITIONS PRECEDENT

10. Ms. Okojie has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission (EEOC) on May 3, 2019, a true and correct copy of which is attached to this complaint as Exhibit 1.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. In April 2012, Ms. Okojie was hired as a Registrar for General's Emergency room.

12. Beginning March 2018, Ms. Okojie began experiencing a hostile work environment from her co-workers.

13. On March 2, 2018 a male Black African patient died in the hospital.

14. Prior to his death the man came into the Emergency complaining of weakness and chest pain. Ms. Okojie was responsible for registering him into the hospital.

15. Ms. Okojie tried to get hospital staff to help the man but the hospital refused despite his complaining of pain in his chest.

16. The man eventually died of a blood clots. Ms. Okojie filed a complaint with the hospital due to the staff's refusal to help the man when he came into the Emergency Room.

17. After she reported the incident she began getting harassed.

18. The first incident occurred on March 26, 2018, when Sherry Brown a Caucasian nurse reported that Ms. Okojie was throwing chairs in the lobby.  1 This allegation was untrue.

19. The next incident occurred when another Caucasian nurse, Ashley Midkiff began taunting Ms. Okojie by singing "You got in trouble," after Ms. Okojie was talked to by Lorrie Hall and Dr. Deanne Bullock for leaving food in a cabinet behind the triage area.

20. The next incident occurred on May 12, 2018 when Ashley Midkiff complained that Ms. Okojie smelled like weed, was loud and was acting "ghetto."

21. The next incident occurred on May 25, 2018, while Ms Okojie was on the B side of the hospital.  There Ashley Midkiff accused Ms. Okojie of giving a patient her phone number, which was untrue

22.  On that same day Ian McAuley, Ms. Okojie's supervisor, stated that she was accused of telling a patient that she got high twice a week.  Mr. McAuley who is Black told her that this accusation was in retaliation for reporting the death of the African man.

23. Based on this, the hospital forced Ms. Okojie to take a urine drug test and breathalyzer drug test.  She passed both tests.

24. Ms. Okojie tried to file a grievance but General stalled giving her the paperwork.

25. On June 3, 2018, Sherry Brown told Ms. Okojie that she was working during Ms. Okojie's shift and that she intended to harass her.

1.  In 2008 Sherry Brown and General were found liable for assault and negligent hiring and supervision in the Davidson County Circuit Court, Tennessee.  The issue stemmed from harassing acts Sherry Brown subjected a General Hospital employee to in 2003.  Said counsel was the lawyer for the Plaintiff.

3

26. On May 26, 2018 Lila Holman, a Caucasian nurse accused Ms. Okojie of barging in patients' rooms. This allegation was false.

27. Ms. Okojie on June 8, 2018 filed a harassment grievance with the hospital due to all the false allegations.

28. Steve Kennedy, General's Human Resource Business partner stated they investigated the grievance but General would not disclose the outcome of the investigation.

29. On August 9, 2018, Ms. Okojie also filed a complaint with the State of Tennessee Department of Health regarding the death of the man.

30. Then on November 25, 2018, Ms. Okojie was given a note that stated: "Everyone know it was you did that anonymous complaint about the African man that died but you are dumb. You see nothing came of it and nothing will. You are not a nurse and he died from blood clots you stupid black cunt. You would no that if you were medical but youre not so back off. Be careful with the shit youre stirring up so you don't endup like the African man."[2]

31. This alarmed Ms. Okojie because it was a death threat.

32. Ms. Okojie called the police and a report was done.

33. Ms. Okojie met with Steve Kennedy to report the harassment.

34. The hospital did nothing about the letter.

35. Since the letter Ms. Okojie has felt very uncomfortable at her job and began going to the EEOC to seek help because her employer refused to help her.

36. The harassment has caused Ms. Okojie to become depressed has felt shame, fear and has become angry at times.

---

[2] Counsel is in possession of the letter

Okojie v. General

Complaint

Page 4 of 7

4

37. She avoids certain departments out of fear of harassment and has refused to come to work at times using her sick time and her PTO time instead.

38. She also had to go to a psychiatrist and was diagnosed with Acute Stress Disorder.

39. She was given a prescription of Trazodone, Alprazolam, and Escitalopram to deal with the stress of working at General.

40. There were no Caucasians being threatened or harassed where Ms. Okojie worked at the time.

### HOSTILE WORK ENVIRONMENT BASED ON RACE

41. Plaintiff repeats and realleges paragraphs 1-42 here as if fully stated here.

42. The conditions of insults, false allegations have made conditions at the Hospital intolerable.

43. The conduct of General amounts to discrimination in terms of conditions and privileges of the plaintiff's employment, in violation of Title VII of the Civil Rights Act of 1964 as amended.

44. As a direct and proximate cause of the actions of the defendants set forth above, plaintiff has suffered, is now suffering and will continue suffer, emotional pain and mental anguish. As direct and proximate cause of such actions, plaintiff has been, is being and will be in the future, deprived of income in the form of wages, and of prospective benefits due to the plaintiff solely because of defendant's conduct

### VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT T.C.A. § 2-2-101

### ET.SEQ. -HOSTILE WORK ENVIRONMENT

45. Plaintiff repeats and realleges paragraphs 1-44 here as if fully stated here.

Okojie v. General
Complaint
Page 5 of 7

5

46. Ms. Okojie experienced a hostile work environment because of her race under state law when she started experiencing harassment beginning in March 2018. This will include but is not limited to being called ghetto, a black cunt, and receiving a death threat. All with the Hospital's knowledge.

47. These conditions of unwarranted harassment make the conditions so intolerable that it alters the terms and conditions of her employment.

48. The conduct of General amounts to discrimination in terms of conditions and privileges of the plaintiff's employment, in violation of T.C.A. § 4-21-101 et.seq.

49. As a direct and proximate cause of the actions of the defendants set forth above, plaintiff has suffered, is now suffering and will continue suffer, emotional pain and mental anguish. As direct and proximate cause of such actions, plaintiff has been, is being and will be in the future, deprived of income in the form of wages, and of prospective benefits due to the plaintiff solely because of defendant's conduct

**REMEDIES**

**WHEREFORE**, Plaintiff demands the following

1. A trial by jury of 12 on all issues triable by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure (F.R.C.P. 38)

2. For a judgment in excess of $500,000.00 but no more than $1,000,000.00 against the defendant for compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by the defendant's intentional discrimination, according to proof

3. For a judgment against the defendant for punitive damages, according to proof;

Case 3:19-cv-00654    Document 1    Filed 07/31/19    Page 6 of 7 PageID #: 6

4.      An award awarding plaintiff the cost of this action together with reasonable attorney's fees as provided by 706(K) of Title VII, 42 U.S.C.A. § 200e-5(k);

5.      Such other relief and further relief as the court deems just and proper

Respectfully submitted,


BY:_____s/Lorraine Wade/s_____

LORRAINE WADE BPR #22331
Attorney for the Richauna Okojie
2803 Foster Ave Suite 104
Nashville, Tennessee 37210
615.915.0289
615.915.0290 (fax)
LorraineWade@wadelaw.net